IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JONATHAN BLAUFARB, derivatively on behalf of Biogen Inc., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL R. MCDONNELL, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:24-cv-12608 |

## UNOPPOSED MOTION TO RELATE CASE TO PREVIOUSLY FILED ACTION

Pursuant to Local Rules 40.1(g) and (j), Nominal Defendant Biogen, Inc. ("Biogen") and Defendants Christopher A. Viehbacher, Michel Vounatsos, Michael R. McDonnell, Alexander J. Denner, Caroline D. Dorsa, Maria C. Freire, William A. Hawkins, William D. Jones, Jesus B. Mantas, Richard C. Mulligan, Stelios Papadopoulos, Eric K. Rowinsky, and Stephen A. Sherwin ("Individual Defendants," together with Biogen, "Defendants") move to relate this case to *Hollin v. McDonnell*, No. 24-cv-12584 (the "Hollin Action")—an action against the same defendants, challenging the same alleged conduct during the same period—and for the Court's consideration of transfer or reassignment.

On October 9, 2024, the Hollin Action was filed in the District of Massachusetts and assigned to Judge Indira Talwani. *See Hollin*, Dkts. 1–2. Two days later, on October 11, 2024, this case (the "Blaufarb Action") was transferred to the District of Massachusetts. Dkt. 13.[1]

---

[1] Plaintiff initially filed the Blaufarb Action on July 22, 2024 in the U.S. District Court for the District of Colorado. Dkt. 1. Plaintiff subsequently moved to transfer the case to the District of Massachusetts. That motion was granted on October 8, 2024. *See Blaufarb*, Dkts. 1, 10, 12.

Local Rule 40.1(g)(1) provides that a civil case "shall be deemed related to another civil case" if: "(A) some or all of the parties are the same" and "(B) one or more of the following similarities exist: (i) the cases involve the same or substantially similar issues of fact; (ii) the cases arise out of the same occurrence, transaction or property; (iii) the cases involve insurance coverage for the same property, transaction or occurrence." These factors are easily present here.

*First*, with respect to subsection (A), the defendants in the Blaufarb and Hollin Actions are exactly the same with no variation.

*Second*, with respect to subsection (B), the actions not only involve substantially similar allegations and issues of fact, but they arise out of the exact same occurrences and transactions. The Blaufarb and Hollin Actions are both shareholder derivative lawsuits based on allegations in a securities class action, *Gray v. Biogen*, No. 24-cv-12691 (the "Gray Class Action"), also pending before Judge Talwani. The Gray Class Action alleges that certain of the Defendants in the derivative actions made false statements and omissions between February 3, 2022, and February 13, 2024 in connection with a government investigation regarding alleged conduct in foreign countries; the commercial prospects of Alzheimer's drugs manufactured by Biogen; and the financial impact on Biogen of a corporate acquisition. *See, e.g.*, *Gray*, Dkt. 1, Compl. ¶¶ 1–23, 107–09. Both the Blaufarb and Hollin Actions involve the same alleged misstatements and omissions over the same period of time and allege that the officers and directors failed to prevent Biogen from making such misstatements and omissions, among other claims related to internal controls and alleged illegal conduct in foreign countries. *See, e.g.*, *Blaufarb*, Compl. ¶¶ 1, 228, 239; *Hollin*, Compl. ¶¶ 1, 163, 172. Further, although there are minor distinctions in the causes of action alleged between the Blaufarb and Hollin Actions, the majority overlap—each action alleges violations of Section 14(a) of the Securities and Exchange Act, breach of fiduciary duties, unjust

enrichment, and waste of corporate assets—and, again, each cause of action arises from the same alleged conduct over the exact same time period. *Compare Blaufarb*, Compl. ¶¶ 225–31, 234–45, 250–54, 260–63, *with Hollin*, Compl. ¶¶ 160–67, 168–76, 180–84, 185–89.[2]

Because the Blaufarb and Hollin Actions are related but have not been so designated, and because the Hollin Action is the earlier filed case in the District of Massachusetts, Defendants respectfully "file [this] motion in the later filed case for the judge's consideration of transfer or reassignment of the case." Local Rule 40.1(g)(6)(B). No responsive pleadings have been filed in either case. *See* Local Rule 40.1(g)(6)(C). Reassignment thus not only comports with the requirements of Local Rule 40.1(g)(1) but will also "further the efficient performance of the business of the court." *See* Local Rule 40.1(j)(1) (permitting reassignment of civil cases); *see also Bailey v. Dart Container Corp. of Mich.*, 980 F. Supp. 584, 590 n.11 (D. Mass. 1997) ("The related case rule enhances the administration of the court by avoiding piecemeal litigation and minimizing the occurrence of inconsistent decisions.").

For the reasons set forth above, Defendants respectfully request that the Court order the Blaufarb Action to be related to the Hollin Action and consider transfer or reassignment under Local Rule 40.1. Plaintiff does not oppose the relief requested.

---

[2] The Blaufarb Action additionally alleges the following causes of action: abuse of control, *Blaufarb*, Compl. ¶¶ 246–49, gross mismanagement, ¶¶ 255–59, contribution under Sections 10(b) and 21D, ¶¶ 264–68. The Hollin Action additionally alleges aiding and abetting breach of fiduciary duty, *Hollin*, Compl. ¶¶ 177–79.

Dated: November 14, 2024

Respectfully submitted,

*/s/ Jessica Lewis*
Jessica Lewis (BBO # 685549)
Wilmer Cutler Pickering Hale and Dorr LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel: 628-235-1000
E-mail: jessica.lewis@wilmerhale.com

Michael G. Bongiorno (BBO # 558748)
Timothy J. Perla (BBO # 660447)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
michael.bongiorno@wilmerhale.com
timothy.perla@wilmerhale.com

*Attorneys for Defendants*

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, I hereby certify that the parties conferred in good faith regarding this motion. Plaintiff has confirmed that they do not oppose the relief requested.

*/s/ Jessica Lewis*
Jessica Lewis

### CERTIFICATE OF SERVICE

I certify that on November 14, 2024, I filed the foregoing document with the Clerk of Court using the CM/ECF method, which filing electronically served all counsel of record thereby.

*/s/ Jessica Lewis*
Jessica Lewis